(No. 74-CC-0479—██████████

EGIZII ELECTRIC, INC., Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 28, 1978.*

STEPEHN TAGGE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; DOUGLAS OLSON, Assistant Attorney General, for Respondent.

POCH, J.

The Claimant, Egizzi Electric, Inc., entered into a contract with the Secretary of State of the State of Illinois to perform electrical work on the State Capitol Building. Claimant's contract with the State was entered into on August 17, 1970. Claimant was to perform electrical contracting work related to the complete furnishing and installation of the rehabilitation of the State Capitol Building. The net contract amount was in the sum of $732,150.00. Claimant seeks an award for damages due to delays caused by Respondent.

Subsequent to Claimant's commencement of work upon the project, the project was changed, both in nature and scope, by decisions of the Illinois State Legislature, the Space Needs Commission, and the Secretary of State. As a result of these changes, much of the project covered under Claimant's contract was done by change order.

Between July 1, 1972, and April 3, 1973, the approval of change orders was delayed by the office of the Secretary of State pending review of the entire project. Such portions of the contract which could have been completed after July 1, 1972, without change orders were completed by Claimant at the expenditure of 4,158 man hours. Such portions would have been completed by July 1, 1972, except for the changes required by Respondent.

The parties have stipulated and agreed that the proximate damages to Claimant as a result of the above and foregoing circumstances total $36,121.56. This sum includes damages sustained by Claimant as a result of the increase of wages of workmen due to the delays, additional costs in job demobilization and remobilization of Claimant's work force, equipment

and material; demobilization, transportation and loss of productivity on remobilization; continued costs of builders' risk insurance; continued costs to Claimant's foreman; increased material costs; additional cost of tool rental; and additional overhead costs.

Respondent offers no argument or authority in opposition to the claim presented.

If one party hinders or delays the performance by the other party of a contract, the party causing that hindrance or delay has breached the contract. Corbin on Contracts, Section 947.

Where a party to a contract has caused a breach, that party is liable for the increased costs and damages directly and proximately caused by such breach. *Meyer Machine Inc. v. State, 27 Ill.Ct.Cl. 72, 76 (1970). Tower Communications Co. v. State, 26 Ill.Ct.Cl. 346, 350 (1968).*

The Respondent has stipulated that Claimant's damages were a direct and proximate result of the Respondent's action in causing the delays.

The Court therefore finds that Claimant is entitled to an award for the damages sustained.

Claimant is hereby awarded the sum of $36,121.56.