(No. 81-CC-0410–)

JOHNSON COUNTY ASPHALT, INC., THE KNP CORPORATION, FRANK NUTTY, INC., and PAUTLER BROTHERS CONTRACTORS, INC., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1987.*

DUBAIL, JUDGE, KILKER, O'LEARY & SMITH, for Claimants.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This action was brought by the Claimants for damages allegedly caused by Respondent's breach of contract between Claimants and the Illinois Department of Transportation for the construction of a portion of Interstate Route 55 in McLean County, Illinois.

Claimants are individual contractors who formed a joint venture to carry out the construction provisions of the contract. Hearings were held before Commissioner Robert J. Hillebrand. The parties have filed their briefs and Commissioner Hillebrand has duly filed his report, so the matter is now before the Court for a decision.

The facts in this claim are largely undisputed. On June 26, 1973, Claimants entered into a contract with Respondent that provided for Claimants to construct a section of Interstate 55. Interstate 55 in the area of construction was to replace U.S. Route 66. The construction schedule provided that traffic would use a portion of U.S. Route 66 while the corresponding portion of I-55 was under construction.

During the course of excavation and construction, numerous delays occurred. These delays extended the contract completion by a total of 167 days. As a result of these delays, Respondent adjusted the total contract price based upon a claim submitted administratively to the Department of Transportation. The parties reached an agreement whereby Claimants would be compensated for their direct costs which could be allocated to the delays. These were based upon the provisions of the Department's standard specifications for road and bridge construction then in effect, which were part of the contract documents. However, a portion of the administrative claim was not allowed by the Department because the contract documents and specifications do not expressly allow for such expenses. That portion was for general and administrative overhead costs incurred by Claimants during the operation of the construction project which are not directly attributable to the costs on the job. These include such expenses as utilities at home offices, secretarial and office personnel,

postage, bookkeeping and accounting, taxes, contributions, and insurance, to name but a few. The total amount of this claim is $504,807.11.

The general rule is that the contractor is bound by the damage provisions of the contract and has no right to additional compensation for delays which prevent the contractor from completing the contract unless the delays are the sole responsibility of the State. (*Walsh Construction Co. v. State* (1964), 24 Ill. Ct. Cl. 441.) If delays are caused by the State, including delays resulting from bid plans and specifications prepared in error by the State, then the contractor is entitled to damages for his increased costs resulting from the delays. *Egizii Electric, Inc. v. State* (1978), 32 Ill. Ct. Cl. 93; *Warchol Construction Co. v. State* (1979), 32 Ill. Ct. Cl. 679.

There was one significant cause for delay. It resulted from two errors made by the State engineers who prepared the plans and specifications, both of which errors were admitted by the State in testimony and in communications received into evidence. These impacted upon the time needed to complete excavation of the roadbed and construction of overpasses.

In order to construct the roadbed for I-55, the plans called for Claimants to secure dirt from other areas and also to use dirt below the existing U.S. Route 66. The first error by the State in determining the quantity of dirt available to Claimants was in the "shrinkage factor."

"Shrinkage" occurs when dirt is moved to the construction site from a site away from the construction area. It is dependent upon the type of dirt, the size of the cut from which the dirt is taken and the distance the dirt is transported. The State estimated this shrinkage factor at 15%. The field experience proved that in fact

shrinkage was over 30%. Because of the size of the project, this created a demand for much more dirt than was originally provided by the State.

The second error involved use of dirt below the existing U.S. Route 66 roadbed. The plans called for Claimants to utilize this dirt during phases of the project. However, because the contract also required U.S. Route 66 to remain open to traffic during construction of I-55, this dirt was not available from the areas of U.S. Route 66 adjacent to the construction site as the State plans had anticipated. As a result of both of these errors, dirt for construction had to be found in other areas and transported over longer distances. Not only did the State admit its plans were in error, but it also admitted this shortage of dirt forced Claimants to perform work well beyond the original scope of the contract and further admitted such shortage of dirt could not have been anticipated by Claimants at the time they bid on the contract. Therefore, the delays caused by this problem are solely attributable to Respondent, and Claimants are entitled to damages caused from such delays.

Claimants have also alleged delays caused by what they term drainage errors, an omitted connection, an error in quantities of certain stone, an error in a working day charged against Claimants, and an erosion problem. However, taking the evidence as a whole, the Court finds that these errors were not caused solely by the State but rather should have been predicted by Claimants when they submitted their bid. Claimants failed to produce evidence that these delays were caused by State errors or negligence other than Claimants' allegations that such was the case. These latter problems contributed 35 days to the total of 167 days' delay. Therefore, 79% of the total delay, or 132 days, is the sole responsibility of the State.

The State's position is that only those damages already given administratively for direct costs under the provisions of the standard specifications can be allowed. However, when the delays are occasioned by Respondent, then even these indirect costs, not previously included in any change order issued by Respondent, are recoverable. *Pora Construction Co. v. State* (1984), 37 Ill. Ct. Cl. 54.

In order to determine the amount of indirect overhead charges attributable to this project, Claimants prorated these expenses as a portion of the total overhead costs for all jobs in progress during the delay time. The total cost for this project was 38.766% of the total of all job costs. We find this to be a fair and reasonable formula of allocation. However, we do not find that all individual claimed items of overhead should be attributable to the indirect expenses. The following items are not reasonably part of overhead which should be included as contributing to expenses for this project:

| | |
|---|---|
| Contributions | $ 1,073.87 |
| Mobilization | 40,922.28 |
| Partners intercompany interest | 9,376.59 |
| Sales and use taxes | 2,089.95 |
| Total | $53,462.69 |

This finding is based upon the testimony of Claimants' accountant, who prepared the summary of indirect costs and who admitted during cross-examination that he could not connect these expenses in any way to the I-55 contract.

The total overhead expenses for Claimants during the delay time was $1,302,177.44. Subtracting the above items of $53,462.69, we find that $1,248,714.75 of total overhead costs were incurred by Claimants during the project delay.

The I-55 project's portion of the overhead costs in comparison to the total overhead costs for all projects during the delay is 38.766% or $484,076.76. Since 79% of the total delay in the project was caused by the State alone, 79% of $484,076.76, or $382,420.64, is the total amount of the damages due from the State.

Wherefore, it is hereby ordered that the Claimants be, and hereby are, awarded the sum of $382,420.64 in full and final satisfaction of this claim.